IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES E. WILSON,<br>　　TDCJ #1842956,<br>　　　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:19-CV-394 |
| ANDREW NINO, et al.,<br>　　　　*Defendants*. | §<br>§<br>§<br>§ | |

### DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND

Defendants Andrew Nino, Benjamin Brako, John DeLapp, and Daniel Fernandez ("Defendants") file this Original Answer and Jury Demand in response to Plaintiff James E. Wilson's ("Plaintiff") Complaint (ECF No. 1) in the above-styled action. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

### ANSWER

1. Defendants admit that Plaintiff was an inmate confined to the custody of the Texas Department of Criminal Justice ("TDCJ") at all times relevant to this lawsuit.

2. Defendants admit they were employees of the Texas Department of Criminal Justice ("TDCJ") at all times relevant to this suit.

3. Defendants admit that TDCJ is an agency of the State of Texas.

4. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but deny that such circumstances are present in this case.

5. Defendants assert that this Court lacks jurisdiction over any state law claims asserted by Plaintiff.

6. Defendants deny that they acted separately or in concert with others to engage in illegal

conduct to injure Plaintiff.

7. Defendants deny that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States and/or the state of Texas.

8. Defendants assert that Plaintiff may have failed to properly exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e.

9. Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

10. Defendants assert their entitlement to qualified immunity for the federal claims brought under 42 U.S.C. § 1983 and any other federal claims asserted against them in their individual capacities.

11. Defendants assert that any claim premised upon the law of negligence cannot support a claim of constitutional dimension under 42 U.S.C. § 1983.

12. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

13. Defendants state that at all times relevant to the allegations against them, they acted in good faith and with a reasonable belief that their actions were in compliance with the laws and Constitution of the United States and hereby claim their presumptive entitlement to a qualified, good faith immunity from suit. Defendants did not violate clearly established law of which reasonable public officials would have known.

14. Defendants hereby assert Eleventh Amendment Immunity to any claim for damages brought against them in their official capacities.

15. Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983 and are not proper parties to a cause of action under said statute.

16. Defendants, sued in their official capacities, are not liable for punitive damages.

17. Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his pleadings, and further deny that Plaintiff is entitled to damages, attorney's fees, interest, or costs in any amount whatsoever.

18. Defendants assert that this suit is frivolous and without merit and that as such, they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendants respectfully demand a trial by jury on all issues.

## CONCLUSION

Defendants urge the Court to deny Plaintiff any and all relief demanded in his pleadings and to grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Sheaffer K. Fennessey
**SHEAFFER K. FENNESSEY**
Assistant Attorney General
Texas State Bar No. 24109859
Southern Bar No. 3439719
sheaffer.fennessey@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS NINO, BRAKO, DELAPP, AND FERNANDEZ**

## NOTICE OF ELECTRONIC FILING

I, **SHEAFFER K. FENNESSEY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendants' Original Answer and Jury Demand** in accordance with the Electronic Case Files System of the Southern District of Texas, on February 28, 2020.

/s/ Sheaffer K. Fennessey
**SHEAFFER K. FENNESSEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **SHEAFFER K. FENNESSEY**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing, **Defendants' Original Answer and Jury Demand** has been served via U.S. Postal Service, postage prepaid, on February 28, 2020, addressed to:

**JAMES E. WILSON**
**TDCJ #1842956**
McConnell Unit
3001 S. Emily Drive
Beeville, TX 78102
***Appearing Pro Se***

                         */s/ Sheaffer K. Fennessey*
                         **SHEAFFER K. FENNESSEY**
                         Assistant Attorney General